COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Coleman and Fitzpatrick
Argued at Richmond, Virginia


WILLIAM GALE ANDERSON

v.   Record No. 2531-94-3        MEMORANDUM OPINION[*] BY
                                 CHIEF JUDGE NORMAN K. MOON
BETTY ANN ANDERSON                    MARCH 12, 1996


              FROM THE CIRCUIT COURT OF SMYTH COUNTY
                   Charles B. Flannagan, II, Judge

          Robert I. Asbury (Robert I. Asbury, P.C., on
          brief), for appellant.

          Nancyjean Bradford (Bradford & Poe, P.C., on
          brief), for appellee.



     The equitable distribution award of $5,000 is affirmed.

     Code § 20-107.3 in pertinent part provides:
     In the case of the increase of value of separate
     property during the marriage, such increase in value
     shall be marital property only to the extent that
     marital property or personal efforts of either party
     have contributed to such increases, . . . .

     For purposes of this subsection, the nonowning spouse
     shall bear the burden of proving that (i) <u>contributions
     of marital property or personal effort were made and
     (ii) the separate property increased in value.</u>  Once
     this burden of proof is met, the owning spouse shall
     bear the burden of proving that the increase in value
     or some portion thereof was not caused by contributions
     of marital property or personal effort.


     First we determine if the wife met her burden of proving

that contributions of marital property or personal efforts were

made.  The wife testified that she did all the work, and paid

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

for, the following improvements: new carpeting in the living room and the hallways, new linoleum in the dining room and the kitchen, re-papering in the kitchen and a bathroom and painting in the living room, dining room, kitchen and bathroom. Mr. Anderson conceded that she paid for new carpeting but stated that he paid for installation. In either event improvements were made from one or the other's marital effort or marital income. Mr. Anderson admitted that he put in a furnace and a satellite dish, paid for with marital funds. Additionally, Mr. Anderson paid the mortgage, insurance and taxes from his marital income. Payments of $250 per month from November 13, 1986, until March 1992, are more than $16,125 for the time the parties were married. Thus, the evidence is uncontradicted that well in excess of $16,125 in marital funds plus the wife's marital efforts went into the home that is the husband's separate property. Even without the evidence of an increase in the marital property, we have evidence of a substantial reduction of the husband's separate indebtedness (the mortgage) and increase in the husband's separate equity using marital funds.

Next, we consider whether the wife met her burden of proving that the property increased in value. On cross-examination Mrs. Anderson was asked: "In your opinion did the repairs and improvements contribute to the increase in the value of the property?" Her answer was "In my opinion, yes." Also on cross-examination, the wife testified that the property had increased by $19,500.

- 2 -

On direct examination Mrs. Anderson had testified that the assessed value of the property at the time of the marriage was $34,200 and at the time of separation was $53,700. This testimony was not objected to. However, when she sought to enter the tax tickets from which she obtained her information, there was an objection that the tax tickets were hearsay. These documents would have only been hearsay if offered to prove the opinion of the tax assessor as to the value of the property. Smith v. Woodlawn Construction Co., 235 Va. 324, 331-32, 368 S.E.2d 699, 703-04 (1988).

The assessed value of the property is not opinion, but a fact which may be proven with official documents. Code § 58.1-3280 requires that the property shall be assessed at "fair market value." Although assessed value may not equate to fair market value, assessed value is a factor one might consider in arriving at a property's fair market value. The trial court did not err in admitting the tax tickets as evidence of the home's increase in assessed value.

Furthermore, the husband conceded in his letter of May 31, 1994 to the trial court that the property increased in value. He stated therein: "The increase in value of this separate property [the Sugar Grove property] during the marriage is separate property."

The totality of the evidence was such that the trial court could have inferred that the husband's separate property had increased in value between the time of the marriage and the time

- 3 -

of the separation due to use of marital funds and marital effort. Certainly the trial court could have concluded that the husband used marital funds to decrease his separate debt while increasing his equity in the real estate. Because the evidence showed that marital funds in excess of $16,000 and marital effort were put into the husband's separate property and the husband thereby reduced his separate debt which increased his equity, we hold that the trial judge did not abuse his discretion in making the $5,000 award, which was less than one-third of the marital funds alone put into the husband's separate property during the marriage.

The judgment appealed from is affirmed.

<u>Affirmed.</u>